

Stephanie Bertolo,
10142 W. Loma Blanca Drive
Sun City, Arizona 85351
(623)293-3693

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
SANDRA DAY OCONNOR COURTHOUSE 401 W. WASHINGTON STREET SUITE 130 PHEONIX ARIZONA 85003-2118

Plaintiffs,

S. BERTOLO )
)
Vs )
)
Department of Education Sect John B. King, )
Its agencies, Navient John F. Remondi, )
, DBA Sallie Mae , et al )
) PROCEEDING:

CV-16-291-PHX-SPL

### COMPLAINT

## Jurisdiction

1. This Court can assert specific jurisdiction over Defendants because (1) Defendants acted in Arizona by entering into a alleged contract with Plaintiff, an Arizona resident, (2) this claim arises out of that alleged contract, and (3) exercising jurisdiction is reasonable. Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). Specific jurisdiction allows courts to assert jurisdiction over a defendant who has sufficient minimum contacts with the forum state when those contacts gave rise to the litigation. Specific jurisdiction exists when (1) the non-resident defendant purposefully directs its activities or consummates some transaction with the forum or a resident thereof; or performs some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or results from the defendant's activities in the forum and (3) exercising jurisdiction is reasonable. Id. All three elements are met in the instant case and therefore this court can assert specific jurisdiction over Defendants.

2. This court has jurisdiction in the matter, as the respondent is and was a resident within the courts jurisdiction,

3. **See 28 U.S.C. § 1391(b)(2). plaintiff asserts that Plaintiff's disputed signatures allegedly took place in that judicial district. The evidence is in support of that assertion.**

4. Complaint

5. The Plaintiff, Bertolo( Consumer), alleges that the Defendants are debt collectors who falsely reported an invalid debt to credit bureaus and attempted to collect on such invalid debt. A "consumer" is "any natural person obligated or allegedly obligated to pay any deb

6. The first salient allegations are as follows.

7. Comes now the plaintiff Bertolo pro se to this action and or complaint and states upon information and belief that the defendants United States Department of Education Sect John B. King 400 Maryland Ave

S.W. Washington D. C. 20202, DBA its agencies Navient John F. Remondi CEO Pres. P. O. Box 9640 Wilkes-Barre , Pa 18773-9640 Additional address on file 1803 Rocky River North Monroe , NC 28110 recovery debt office 123 Justison St. Suite 300 Wilmington , DE 19801 DBA as Sallie Mae , has purposely and willfully failed to properly investigate and or cease collection , harassment and or assist the plaintiff in the disputed matter.

8. Plaintiff has on numerous occasions via telephone/ mail tried to explain that she had not signed the promissory loan documents indicating that she is the responsible co -signer of the alleged student loan debt, to the United States Department of Education , its, agents servicer's , Navient /DBA Sallie Mae.

9. Plaintiff has had her credit adversely affected and been deprived her the opportunity to obtain further credit , because of the adverse reports placed upon petitioners credit profile by respondents .

10. Petitioner has tried to fully understand the respondents claims concerning the alleged co signed debt, but still stands confused to the alleged obligation of being the responsible party and or alleged co signer to the alleged debt.

11. After multiple conversions between parties and even making temporary arrangements forcibly placed upon the petitioner to pay the debt to protect the credit for which plaintiff feels she was cohearsed into by the respondents , plaintiff seeks relief to the matter through this court.

12. After numerous attempts to collect the alleged debt via the telephone/ mail by defendants ,and or the arrival of alleged evidentiary documents requested by plaintiff and or recently submitted by defendants.

13. It was then discovered upon review by plaintiff of the disputed alleged due promissory documents , that the signatures placed upon the document in the co signers required acceptance block within the alleged promissory note document is not the petitioners signature.

14. Petitioner then notified Defendant Navient that the documents sent to her in fact were not signed by her and she demanded her credit information be corrected and her name to be removed from the responsibility of the debt(s)

15. Further review of additional documents then showed that the petitioner was allegedly responsible for 3 additional separate co signed debts pertaining to her alleged signed approved signature acceptance .

16. Defendants continued and insisted that the alleged co signer Petitioner in fact owed the debt and that they would continue to hold her responsible for the debt, because she allegedly owed it and made payments and or requested deferments and or forbearance.

17. Plaintiff tried to explain that she was confused and was forced to make payments and or deferment /forbearance arrangements to protect her credit **all the time disputing the debt.**

18. Plaintiff has suffered , on several grounds to include but not limited , denial of credit opportunities and inability to relocate to a new home, deprivation because of the lack of available credit due to the negative remarks placed upon the petitioner credit profile and all credit monitoring agencies.

19. Plaintiff's constitutional rights are believed to have been restrained because her liberties have been interupted invoking retrictions to her credit and abilities to live life, liberty, and the pursuit of happiness.

20. The governments acts through its use of its agents and that of its agents has become destructive in its acts depriving me as a person in part of my life, liberty, and or property, by accusing me of owing a debt for which I have disputed repeatedly, without any due process the agents have inflicted punishment upon me in violation of the constitution of the United States and or Equal protection laws.

21. Plaintiff has suffered losses, due in part by the co-he arsed money collections tactics used by defendants in order only to protect plaintiffs credit for as long as possible.

22. Plaintiff will seek relief as warranted and determined by this court.

23. Plaintiff is an elderly and disabled person suffering from multiple medical issues and will need additional time on all issues in order to respond properly through out the court proceedings.

24. Plaintiff Mrs Bertolo's additional remaining claims are:

25. Claim 1: Falsely representing the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A) and or § pursuant to relevant § Arizona statues.

Claim 2: Communicating false credit information, in violation of 15 U.S.C. § 1692e(8) and or § pursuant to § relevant Arizona statues.

Claim 3: Using unconscionable conduct to collect a debt, in violation of §and or § pursuant to relevant § Arizona statues.

Claim 4: Contacting a consumer represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2) and or § pursuant to relevant § Arizona statues.

Claim 5: Failing to correct credit information and substantiate a debt, in violation of 15 U.S.C. § 1692, et seq. and or § pursuant to relevant § Arizona statues.

Claim 6: using unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f and or § pursuant to relevant § Arizona statues.

Claim 7: Harassing, oppressing or abusing a person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d(1) and or § pursuant to relevant § Arizona statues.

Claim 8: failing to investigate disputed debt, in violation of 15 U.S.C. § 1681s-2(b)and or § pursuant to relevant § Arizona statues.

Claim 9: False light and or § pursuant to relevant § Arizona statues.

Claim 10. Failure to Pursue those responsible and hold them accountable for the fraud and or forgery pursuant to U.S.C.

Claim 11: Extreme and outrageous conduct and or § pursuant to relevant § Arizona statues.

Claim 12: Negligence U.S.C. § and or . pursuant to relevant § Arizona statues.

24.                                      Demand

25. Plaintiff have no plain, adequate or complete remedy at law to redress the wrongs described in the complaint herein. Plaintiff has and will continue to be irreparably injured by the conduct of the defendants unless the courts grants the declaratory and or injunctive relief plaintiff seeks.

26. A declaration that the acts omissions described in the complaint and herein violated the plaintiff rights under the constitution and or laws of the United states and and or the laws of the state of Arizona.

27. A preliminary and or permanent injunction ordering the defendants cease collection of the debt, and or reporting negative information pertaining to the alleged debt to all consumer credit bural agencies, which is affecting the plaintiffs ability to obtain credit.

28. Order directing defendants to immediate correct all negative information reported concerning this debt.

29. The loss of the freedoms to obtain credit even for minimal periods of time, unquestionably constitutes irreparable injury possibly affecting plaintiffs constitutional rights.

30. Minimal infringements upon the plaintiff can constitute irreparable injury sufficient to justify injuctive relief.

31. This permits the district court in its discretion to grant a preliminary injunction even where the plaintiff's fail to show a strong or substantial probability of ultimate success on the merits of the plaintiffs claims.

32. But where the plaintiff shows serious question going to the merits and irreparable harm, which decidedly outweighs and potentially harm the defendants an injunction may be issued.

33. A preliminary injunction is always in the public interest to prevent the violation of parts of constitutional rights, public interest will not be harmed by its enforcement, because the public as a whole has significant interests in ensuring equal protection of the laws and protections of the first amendment liberties.

34. The public interest will be advanced by the issuance of a preliminary injunction enjoining enforcement of those portions of challenged statues that are of questionable constitutionality.

35. It is the federal courts duty to protect citizens constitutional rights when necessary Plaintiff Bertolo is a citizen and resident in both the state of Arizona and or the United States.

36. A preliminary injunction is an extraordinary remedy which should be granted because plaintiff Bertolo movant carries her burden showing that the circumstances clearly demand it. SEE Over Street V Lexinton fayette urban County Gov't 305 F.3rd 556.573 (6th Cir) 2002

37. The basics of potential Violation of the first Amendment, the likelihood of success on the merits often will be the determinative factor. Connection Distri. CO V Reno, 154 F 3rd 281, 288 (6th Cir 1998) WV assn of Club owners and fraternal servs, inc V Musgave 553 F3d 292,298 (4th Cir 20017) noting plaintiff claimed harm is in separably linked to the likely-hood of success on the merits on the plaintiff's first amendment claims.

38. The court must consider the impact that accommodates the asserted constitutional rights will have on the defendants and the allocation of the plaintiff resources in this case.

39. The continuous collection attempts and or reports of negative nature impacting the ability of the plaintiff to obtain credit and or impact and impede the everyday lifestyle of the plaintiff.

40. The defendants can suspend the actions until this court can determine if the documents in fact are the plaintiffs, which are in dispute.

41. This can be done and is rational, even at a de minimus cost to valid government interests. Turner V Safly 482, U.S. 78-89-91 107 S Ct 2254.

42. Plaintiff believes she has shown inter alia, and a preliminary injunction is warranted.

43. Their must be alternative means in exercising the rights that remain open to a consumer (plaintiff) Citizen.

44. The plaintiff seeks a declaratory and or injunctive order of relief in the matter, to include monetary damages to be determined, including but not limited to court fees costs of actions and or attorney representation fees.

45. Additional relief ,, return of any and all monies paid for forbearance and or deferments and or payments applied to the disputed debt, compensatory damages in the amount of $5,000.00 per occurrence for each defendant.

46. Punitive damages in the amount of $5,000.,00 per occurrence of each defendant and $500.00 per day for continuous collection attempts and or negative credit reporting to plaintiff's credit burals.

47. Monetary damages Maximum permitted by law

48. Plaintiff requests the issues herein be tried before a jury.

49. Any additional relief adjustments to amounts limited by law as the court deems just and proper.

50. Declaration under penalty of perjury

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint and the information in this complaint is true and correct.

Executed on 1/25/2016

Respectfully submitted, Bertolo pro se.